UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60344-CIV-ZLOCH

JEREMIAH TOMASINI and
STEPHANIE TOMASINI,

      Plaintiffs,

vs.                            **FINAL ORDER OF REMAND**

STRYKER CORPORATION OF
MICHIGAN and JOHN DOE
DISTRIBUTOR,

      Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiffs Jeremiah Tomasini and Stephanie Tomasini initiated the above-styled cause in the Seventeenth Judicial Circuit, Broward County, Florida. Defendant Stryker Corporation of Michigan then timely filed a Notice Of Removal (DE 1) to this Court wherein it was alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal (DE 1) alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006).

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." Id.  Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).  In a notice of removal, a defendant's failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court.  Id.

The requisite diversity of citizenship as to Plaintiffs and Defendants is not apparent on the face of the Notice Of Removal (DE 1).  The Notice alleges only the following:

> 2. As alleged in the Complaint, Plaintiffs Jeremiah Tomasini and Stephanie Tomasini are residents of Palm Beach County, Florida.

DE 1, ¶¶ 2.  Plaintiffs citizenship appears nowhere else in the record.

Residency is not the equivalent of citizenship for diversity purposes.  See 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3611 (2d ed. 1984 & Supp. 2007).  The Notice Of Removal and Plaintiffs' original Complaint both lack proper allegations regarding the citizenship of Plaintiffs, which is necessary to complete the requisite allegations for diversity.

Therefore, the Notice Of Removal (DE 1) fails to allege the diversity requirements for this Court to exercise jurisdiction over the above-styled cause.

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733 (3d ed. 1998 & Supp. 2008).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); see also Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to the Parties' failure to satisfy the requirements of federal jurisdiction, the

Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 09007554 (04); and

3. To the extent not otherwise disposed of herein, all pending

Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of March, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court
Broward County, Florida
Case No. 09007554 (04)
(certified copy)